MADDOX, Justice
(dissenting).
Based upon my belief that the trial judge did not abuse his discretion, I must respectfully dissent.
There was ample evidence presented to the trial judge to support his conclusion that Gilley disregarded the notice of suit without justification.
The trial court found that Gilley “was well acquainted with the procedures of court, having been involved in serious litigation prior to this occasion.”
The majority excuses her default because of her age, educational level, and mental condition. On this issue, the trial judge stated that “the court is not persuaded that defendant’s default is due to any physical or mental condition as alleged.” The trial court is in the best position to judge the relative mental capabilities of parties, and we should not substitute our judgment on such an issue for that of a trial judge who has a more intimate knowledge of the parties.
Evidence that Gilley was notified of the impending suit is substantial. Crawford’s attorney sent Gilley four letters prior to the time litigation was commenced, informing her that her fence encroached on Crawford’s land. Two of the letters specifically informed Gilley that an action would be filed if the fence was not moved. Additionally, she received the normal service of process associated with the filing of a suit, and she also received notice of a scheduled hearing to determine damages. This is not a case in which there can be any claim that the suit papers were misplaced. There was also a decided lack of evidence presented to support Gilley’s claim of a meritorious defense. Nothing other than Gilley’s own affidavit claiming adverse possession and an overlap in deeds was presented. “The allegations set forth in the answer and in the motions must be more than mere bare legal conclusions without factual support.” Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 606 (Ala.1988). To support his claim, Crawford presented his warranty deed, a recently conducted survey of the parcel, and certified tax records from the tax assessor’s office. The trial court’s establishment of the boundary line adversely to Gilley was well supported by the evidence. It appears to me that Gilley intentionally ignored Crawford’s claim and acted only after Crawford’s claim had been proved. To allow her a right to a trial of her claim, in view of her actions, violates the principle stated in Rule 1, Ala.R.Civ.P. Unfortunately, the Court allows another defaulting party to flout judicial process, without justification, and ties the hands of the trial judge in the process.
For the foregoing reasons, I dissent.