ROBERT P. BRADLEY, Retired Appellate Judge.
Mid-State appeals from the denial of its motion to set aside a default judgment. The default judgment was rendered in Kelley’s favor upon a counter-claim asserted by Kelley against Mid-State.
This case arose on March 21, 1986 when Mid-State instituted suit against Kelley claiming an amount of money due on an open account. On April 1, 1986 Kelley answered and denied being indebted to Mid-State. On May 28, 1986 Mid-State made a motion to set the cause for a trial. This motion was granted and trial was set for June 27, 1986. During the first week of June 1986 Kelley filed a counterclaim, which asserted that fertilizer purchased by Kelley from Mid-State was “defective and inadequate for the uses for which it was intended,” and that, as a result of the defect, Kelley lost production in his pasture and hay fields, suffering $7,500 worth of damage. Contemporaneously with the counterclaim, Kelley filed interrogatories directed to Mid-State and a request for admission (“That [Mid-State] did, in fact, sell ... John Kelley certain fertilizer which was defective and not suitable for the purpose for which' it was intended”). On June 16,1986 Mid-State answered Kelley’s counterclaim as follows: “[Mid-State] denies *942 each and every allegation contained therein and demands strict proof thereof.”
At this point the record is unclear concerning the June 27, 1986 date set for trial. However, the case action summary sheet has an entry dated July 15, 1986 wherein the case was continued.
Nevertheless, on September 29, 1986 Mid-State sent answers to Kelley’s interrogatories. These interrogatories requested information concerning the transactions between Kelley and Mid-State. One of the interrogatories asked whether Mid-State had given Kelley “a credit for any defective fertilizer purchased.” Mid-State’s answer to this particular interrogatory was “None.”
Thereafter the case action summary reveals that the case was “continued” on January 1, 1987, on July 1, 1987 “for settlement,” on January 28, 1988, and again on October 7, 1988.
On April 26, 1989 the trial court set June 20, 1989 as the trial date. On this same date, April 26, 1989, Mid-State’s counsel, William Boggs, made an oral motion to withdraw as its counsel, which was granted. A written motion to withdraw was filed with the court by Boggs on June 19, 1989, one day before trial.
As a result of Mid-State’s failure to appear on June 20, 1989, the trial court dismissed Mid-State’s claim for want of prosecution. Kelley was present and represented by counsel. Kelley withdrew his jury demand on his counterclaim and trial was had before the court on his counterclaim. Kelley testified concerning the transactions that occurred between him and Mid-State. At the close of Kelley’s testimony the trial court entered a default judgment against Mid-State and in favor of Kelley for $7,550. The default judgment, entered upon the case action summary, is as follows:
“[Mid-State] failed to appear, [Mid-State’s] claim dismissed for want of prosecution.... Based upon the testimony presented the Court finds the issues in favor of [Kelley] and against [Mid-State] and assesses [Kelley’s] damages at $7,550.00. This sum is arrived at by setting [Kelley’s] total damage[s] at $10,-550.00 and setting off [the amount owed by Kelley to Mid-State] of $3,000.00. Accordingly, judgment is rendered in favor of [Kelley] and against [Mid-State] in the amount of $7,550.00, for which execution may issue.”
Mid-State filed a motion to set aside the default judgment on June 28, 1989. Since this motion to set aside was filed within thirty days after rendition of the default judgment, the motion is deemed to be governed by Rule 55(c), Alabama Rules of Civil Procedure. See, Kirtland v. Fort Morgan Authority Sewer Service, 524 So.2d 600 (Ala.1988); Committee Comments to Amendment to Rule 55(c), eff. March 1, 1984.
In Mid-State’s motion to set aside default judgment, Mid-State asserted, among other things:
“3. That [Mid-State] has a meritorious defense to said action, viz: That on or around January 31, 1985 [Mid-State] and [Kelley] settled the issue presented by [Kelley’s] Counterclaim by giving [Kelley] a $3,523.37 credit on his account with [Mid-State] and [Mid-State] avers that said claim has been satisfied.”
The remaining portions of Mid-State’s motion, in essence, established facts and circumstances tending to excuse its default (e.g., failure of Mid-State’s counsel, William Boggs, to notify it of his withdrawal; certain misstatements by Boggs to one Ed Shoemake, Mid-State’s manager, concerning whether the case had been continued by the trial court just prior to the June 20, 1989 trial). These averments by Mid-State, as will be explained below, serve only to mitigate or explain the otherwise “culpable” conduct of Mid-State for failure to appear at the June 20, 1989 trial. The trial court set a hearing on this motion for July 13, 1989.
At the hearing held July 13, 1989 Mid-State presented the testimony of Ed Shoe-make and Jerry Patterson, both employees of Mid-State. Generally, the testimony explains certain extenuating circumstances that have application to the culpability of Mid-State’s failure to appear at the June *943 20, 1989 trial. On July 13, 1989, after hearing, the trial court denied Mid-State’s motion. This appeal follows.
On appeal Mid-State argues that the trial court abused its discretion by refusing to set aside “the default judgment entered in this matter and refusing to reinstate [Mid-State’s] claim and [allow] the issues to be tried upon the merits.” Mid-State is, in part, apparently asserting error in dismissing its original action pursuant to Rule 41(b). However, it does not argue the merits nor cite proper authority. We do not reach this issue for noncompliance with Rule 28, Alabama Rules of Appellate Procedure.
Our review is limited to a determination of whether the trial court’s granting or denying of a motion to set aside a default judgment constitutes an abuse of discretion. Kirtland.
In Kirtland our supreme court established a “three-factor analysis” to be considered when confronted with a Rule 55(c) motion to set aside a default judgment.
The first factor is that the defaulting party “must demonstrate the existence of a meritorious defense as a threshold prerequisite when seeking to have a default judgment set aside.” Kirtland, 524 So.2d 600, 605 (citation omitted).
“As a threshold matter, a trial court must peruse the defaulting party’s [pleadings], the motion to set aside the default judgment, [any] supporting affidavits, any other affidavits submitted by the defaulting party such as affidavits associated with summary judgment proceedings, and any relevant discovery matters to ascertain whether the defaulting party has shown the existence of a meritorious defense.”
Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 613 (Ala.1988).
The burden is upon the defaulting party to set forth with sufficient particularity a plausible defense, and a plausible defense is based upon (1) a viable legal theory and (2) a strong factual basis that combine to counter the cause of action. See, Jones. Also we observe that the supreme court in Jones stated that much of the trial court’s broad discretion under Rule 55(c) has been, in effect, removed by explicitly defining “meritorious defense,” at least in regard to ascertaining the existence of a meritorious defense.
The dispositive issue before this court is whether Mid-State has shown through reasonable inference, from the matters presented to the trial court, a “meritorious defense” which could foresee-ably alter the outcome of the case.
The complaint filed by Mid-State is a form “Summons and Complaint,” and the complaint merely states that Kelley owes Mid-State $9,471.78 on an open account. The complaint does not address any aspect of Kelley’s counterclaim, and Kelley received his default judgment based upon his counterclaim. Further, once Kelley filed his counterclaim, Mid-State responded by filing a mere general denial.
On June 5, 1986 Kelley filed a request for admission, which asked Mid-State to admit that it sold Kelley fertilizer and that the fertilizer was “defective.” Mid-State failed to respond to this request for admission and, at the June 20, 1989 hearing, the trial court deemed such to be admitted by Mid-State, obviously pursuant to Rule 36, A.R.Civ.P.
On September 29, 1986, Mid-State filed answers to the interrogatories propounded by Kelley. Mid-State responded by stating it had not given Kelley any credit.
In direct contrast to Mid-State’s answer, Mid-State asserted in its motion to set aside default judgment, filed June 28,1989, that Mid-State’s “meritorious defense” to Kelley’s counterclaim was that a “credit” had in fact been given and the parties had settled the case. The factual premise upon which Mid-State based its legal theory was not specific. In fact, Kelley testified on June 20, 1989 that, while a credit had been given, the home office of Mid-State refused to honor it. Therefore, with such a direct conflict in the matters before the trial court, supposedly establishing Mid-State’s “meritorious defense,” we find that Mid-State failed to set forth with particu *944 larity any plausible defense based upon a viable legal theory and a strong factual basis.
We find that the denial of Mid-State’s motion to set aside default judgment was not an abuse of the trial court’s discretion. Therefore, we find no need to examine the other two factors of the standard enunciated in Jones and Kirtland.
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.