ROBERT P. BRADLEY, Retired Appellate Judge.
Leroy Cook appeals from the denial of his motion to set aside a default judgment rendered against him.
On June 3, 1988 a “complaint for partition sale” was filed by some of the alleged heirs of the deceased owners of certain real property. The complaint also asserted that, at various times, certain timber had been sold off the real property and that these complainants, as heirs, were entitled to an accounting and a judgment for their proportional share of the proceeds derived from such sale of timber.
After service upon Leroy Cook (and other defendants) was unsuccessful, the complainants-heirs filed a motion for service by publication in January 1989. Thereafter, an order of publication was issued, which directed Leroy Cook (and other defendants) to answer the complaint.
On February 22, 1989 Leroy Cook answered the complaint and filed a “cross-complaint.” The complainants-heirs filed an answer to Leroy Cook’s pleading on April 20, 1989.
On April 26, 1989, the date set for a hearing, Leroy Cook also filed an affirmative defense to the allegations in the complaint regarding the cutting and sale of timber.
Also, on April 26, 1989 in open court, counsel for Leroy Cook made a motion to withdraw from the case. It appears that the attorney had a conflict of interest because he represented another party, adverse to Leroy Cook, in a transaction which was relevant to the present case. The trial court granted the attorney’s motion to withdraw and granted Leroy Cook a continuance until May 22, 1989, the rescheduled trial date, to allow him time to obtain new counsel. Leroy Cook was present on the date this continuance was granted and the trial date rescheduled.
On May 17, 1989, in response to notice from the trial court that the case was set for trial, the original attorney wrote the trial court and stated that he no longer represented Leroy Cook (because of his withdrawal).
On May 22, 1989 the trial court held a hearing and on June 20, 1989 entered an order granting the complainants-heirs the relief they sought. Since Leroy Cook failed to appear, a default judgment was additionally entered against him for $5,650, representing the value of the “converted” timber. On June 22, 1989 Leroy Cook, by and through his new attorney, filed a motion for relief from the default judgment “pursuant to Rule 60(b), Alabama Rules of Civil Procedure.” After a hearing on Leroy Cook’s “Rule 60(b) motion,” the trial court denied relief on July 10, 1989.
Our standard of review on appeal from a trial court’s granting or denial of a motion to set aside a default judgment is whether the trial court’s decision constituted an abuse of discretion. Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988). In Kirtland the supreme court establishes that when a motion to set aside a default judgment is filed within thirty days after entry of the judgment the motion is deemed a Rule 55 motion, regardless of whether the trial court rules upon the motion within thirty days or not.
When confronted with a Rule 55(c) motion to set aside a default judgment, a trial court 'should not exercise its broad discretionary power without considering three factors: the existence of a meritorious defense; an absence of prejudice to the nondefaulting party; and the culpability of the defaulting party’s conduct. Kirtland. Moreover, Kirtland holds that the “meritorious defense” requirement must be satisfactorily hurdled before the other two requirements will be considered.
To establish the meritorious defense element, the movant has the burden to set forth a plausible defense with particularity. A plausible defense is based upon a viable legal theory and a strong factual basis that combine to counter the cause of action. Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610 (Ala.1988).
*953 All matters presented to the trial court, including the defaulting party’s pleadings, the motion itself, supporting affidavits, and any relevant discovery matters, should be reviewed to ascertain the existence or nonexistence of a meritorious (plausible) defense. Jones.
The issue on appeal is whether Leroy Cook presented to the trial court a “meritorious defense,” which could foresee-ably alter the outcome of the case.
Leroy Cook’s responsive pleading to the complaint asserted the following:
“ANSWER AND CROSS-CLAIM
“Comes Leroy Cook by and through his attorney and for answer to the Complaint herein says:
“1. He is a son of Henry Cook, deceased, and as such is a joint owner and tenant in common with the other heirs of the land described in the Complaint.
“2. He has never received the proceeds from any timber cut or removed from the property.
“3. That he has paid the taxes on this property since 1955 and is entitled to reimbursement.
“4. That Plaintiff, Crawford Burnett, and others disassembled and removed a house that was standing on the premises and should be called on to account to the other heirs for this waste.”
Leroy Cook also filed, in open court on the April 26, 1989 trial date, an affirmative defense which states: “[A]s to any allegations [of the complainants-heirs] regarding [the] cutting, removal, or conversion of timber done over six years before the filing of the complaint herein, [Leroy Cook] asserts the Statute of Limitations as an affirmative defense.”
After default judgment was entered, and on June 22, 1989, Leroy Cook filed his motion for relief from the default judgment. As respects the assertion of a “meritorious [plausible] defense,” the motion cryptically states: “[Leroy • Cook] has a meritorious defense to said complaint and claim and desires an opportunity to be heard ... to prevent a miscarriage of justice.”
In an affidavit, filed in support of his motion to set aside default judgment, Leroy Cook failed to state any specific facts tending to establish a meritorious defense, whether that defense was the statute of limitations or any other defense.
Therefore, after a careful review of Leroy Cook’s motion to set aside default judgment, and the affidavit filed in support of his motion, we cannot find any facts supporting the existence of a meritorious defense. In sum, Leroy Cook failed to provide the trial court with a clear and specific statement demonstrating, not in conclusory form, but by a precise recitation of facts, that the default judgment is unjust, that there is a relevant legal defense to it, and that, at a trial on the merits, the outcome could foreseeably be different. Appalachian Stove & Fabricators v. Roberts, 544 So.2d 893 (Ala.1989); Kirtland; Jones.
Finally, we point out that, in this appeal, the parties have proceeded upon the assumption that the motion for relief of judgment was to be decided in accordance with Rule 60(b), A.R.Civ.P. However, as stated above, since the motion to set aside the default judgment was filed within thirty days, the motion must be treated as a Rule 55(c) motion for review purposes. Notwithstanding our view that the motion for relief from judgment must be reviewed as a Rule 55(c) motion, a Rule 60(b) review of a similar motion must also satisfy the meritorious defense requirement. Consequently, Cook’s failure to satisfy this crucial requirement would also necessitate a denial of a Rule 60(b) motion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.