HOUSTON, Justice
(concurring specially).
I agree with the majority opinion. I write specially only because in their briefs the parties rely on cases that I authored, Kirtland v. Fort Morgan Authority Sewer Service, 524 So.2d 600 (Ala.1988), and Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610 (Ala.1988); and I feel an obligation to state why I vote to affirm. I cannot hold that the trial court abused its discretion in failing to grant Nair’s Rule 60(b), A.R.Civ.P., motion on the basis of Jones. Nair was served with process. He asserts that a Pittsburgh, Pennsylvania, lawyer advised him that service by certified mail was insufficient to bring him within the personal jurisdiction of the Circuit Court of Houston County, Alabama, so Nair ignored the process. The trial court could have found that this was “conduct evidencing disrespect for the judicial system” of the State of Alabama. From a cursory review of the summary of law provided in Martindale-Hubbell, it appears that Pennsylvania, like Alabama, has a long-arm rule that extends to the limits of due process; it appears that Pennsylvania’s rule would extend to people who sell or offer to sell securities in that state. If a defendant feels that he is beyond the due process reach of Alabama’s long-arm rule, he should seek to have that issue adjudicated. I will not vote to reverse the ruling of a trial judge who refuses to set aside a default judgment entered against one who gambles on being beyond that reach and loses. I am certain that Nair will be able to show his Pittsburgh, Pennsylvania, lawyer that Alabama has a long-arm rule that is just as “cultured and refined” as Penn *1299 sylvania s, to paraphrase a man who was a good Alabama lawyer, a noted Alabama trial judge, and a famous Alabama Governor.