MADDOX, Justice
(dissenting).
The legal issue presented in this case is whether the trial court abused its discretion in entering a default judgment because of the defaulting party’s failure to appear in court. I believe that a trial judge is the person most familiar with the circumstances of the ease and is in the best position to evaluate the good faith and credibility of the parties. Consequently, I would issue the writ in this ease and review the judgment of the Court of Civil Appeals reversing the default judgment.
I realize, of course, that the defaulting party argued that he never received notice of the trial, because he had changed addresses. I further realize that this Court, in Kirtland v. Fort Morgan Auth. Sewer Serv., 524 So.2d 600 (Ma.1988), a factually similar case, established a rule that would support the holding of the Court of Civil Appeals. However, just as I disagreed in Kirtland, I must again disagree with what I believe is an improper abrogation of a trial judge’s power to decide when and under what circumstances sanctions for nonappearance in court are appropriate. In Kirtland, I wrote:
*1100 “The majority states in its summary of this opinion that: ‘a trial court’s decisions should be looked upon with great deference because, as Professor Wright states: the trial judge “is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties.” ’...
“I am a strong believer in the right of litigants to have their day in court, but I also strongly believe in the right and duty of trial judges to control their dockets and to punish parties who are guilty of culpable conduct.”
Id. at 610 (Maddox, J., dissenting).
Based upon my strong belief in the authority of trial judges to use the default judgment procedure to sanction litigants for their failure to appear in court, I would, at least, grant certiorari review in order to consider the record of this case; therefore, I must respectfully dissent.
SEE, J., concurs.