CRAWLEY, Judge.
The parties married in May 1994 and separated in May 1997, when the wife moved out of the marital home. The parties have one child, who was born in August 1996. On May *398 27, 1997, the husband filed a complaint for divorce. The husband also filed a motion for a pendente lite order. On May 29, 1997, the trial court issued a pendente lite order. On May 30, 1997, the wife was served with the complaint and the pendente lite order. On September 16, 1997, the husband filed an application for an entry of default. The husband also filed a child support obligation income affidavit and filed his affidavit and testimony. On September 19, 1997, the trial court entered a final divorce judgment, based on the wife’s default. The trial court awarded custody of the parties’ minor son to the husband and ordered the wife to pay $331.20 per month in child support. The trial court also awarded the marital home to the husband.
On October 7, 1997, the wife filed a motion to set aside the default judgment, alleging that “[ajfter the [wife] received the summons and complaint in this action, she spoke with the [husband], who assured her that he would drop this matter and negotiate an uncontested divorce with her.” The wife also stated the following in her motion to set aside the default judgment:
“3. Indeed, the [husband] was fully aware that the [wife] was represented by counsel and even came to the [wife’s] attorney’s office to review a proposed separation agreement. The [husband] never told the [wife] that he had failed to withdraw the contested action that he had filed and the [wife’s] attorney was never apprised that a contested action had been filed.
“4. The [husband’s] actions were duplicitous and constitute a fraud upon this court. The default judgment is due to be set aside....
“5. [The wife] has a meritorious defense to said claims inasmuch as she has been the primary caretaker of the parties’ minor child and is a fit and proper person to have custody of him.”
The wife also filed an affidavit in support of her motion to set aside the default judgment.
The husband filed an affidavit and a brief in opposition to the wife’s motion to set aside the default judgment. In his affidavit, the husband stated the following, in pertinent part:
“I have never told my ex-wife that I had dropped this divorce action. I told her that if she would come home and go to counseling for the purpose of reconciliation that I wanted to drop the divorce action. I never wanted this divorce. She never made any attempts at reconciliation. She refused to go to counseling with me. I went to counseling by myself on two occasions. In July I received a phone call from [the wife’s attorney’s] office for me to come pick something up. I went to her office and received an envelope from her secretary. The envelope contained settlement papers for our divorce. The settlement proposal was totally unacceptable to me and I did not respond in any way to them. I did not give them to my lawyer. I have at all times during this action been represented by a lawyer. No answer to the divorce action I filed has ever been given to me nor to my lawyer.”
Thereafter, the wife filed another affidavit, outlining her argument that she has a meritorious defense because, she said, she was a fit and proper person to have custody of the parties’ minor son. The husband filed an addendum to his brief, in response to the wife’s second affidavit. On October 22,1997, the trial court issued an order, denying the mother’s motion to set aside the default judgment. The wife appeals.
Our supreme court stated the following in Kirtland v. Fort Morgan Auth. Sewer Service, Inc., 524 So.2d 600, 603 (Ala.1988):
“The applicable standard of review in appeals stemming from a trial court’s granting or denying a motion to set aside a default judgment is whether the trial court’s decision constituted an abuse of discretion.”
In Kirtland, our supreme court also stated the following:
“We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.
*399 [[Image here]]
. Thus, we hold that a trial court’s broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct....
“It is a well-established rule in Alabama that a defaulting party must demonstrate the existence of a meritorious defense as a threshold prerequisite when seeking to have a default judgment set aside....
“The rationale behind the meritorious-defense requirement is that evidence of a defense indicates that the outcome of the case could be different if it were disposed of by a trial on the merits rather than by a default judgment and, therefore, justifies reopening the ease so that justice can be done. If a trial on the merits would not change the outcome, the court would be wasting its and the parties’ resources in setting the default judgment aside.”
524 So.2d at 605-06. (Citations omitted.)
The threshold prerequisite is that the wife must demonstrate a meritorious defense. The wife contends that it would be in the minor child’s best interests and welfare for her to be awarded custody of the minor child. The husband contends that he has always been the primary caregiver for the minor child and that awarding custody to him was in the minor child’s best interests and caused the least disruption in the minor child’s life.
The wife detailed her contentions on this issue in her second affidavit, where she stated that after the parties’ separation and before the entry of the divorce judgment, she had custody of the child during the week and the husband had custody of the child during the weekends. She further stated that her father kept the minor child on most occasions so that she could work. She contends that she has been the primary caregiver for the minor child.
We conclude that the wife has “demonstrate[d] the existence of a meritorious defense” and that the content of her second affidavit “indicates that the outcome of the case could be different if it were disposed of by a trial on the merits rather than by a default judgment.” Kirtland, 524 So.2d at 605-06. (Emphasis added.)
The second factor to be considered is whether the husband “will be unfairly prejudiced if the default judgment is set aside.” Kirtland, 524 So.2d at 605. In Kirtland, our supreme court stated, “Thus, we hold that the prejudice warranting denial of a Rule 55(c) motion must be substantial.” The husband argues that he would be damaged if the parties are once again declared husband and wife and he is required to expend considerable sums of money to litigate the case. However, we cannot find that any prejudice suffered by the husband would be “substantial,” particularly in light of the fact that the custody of the minor child appears to be the primary issue to be litigated between the parties.
The third factor to be considered is “whether the default judgment was a result of the [wife’s] own culpable conduct.” Kirtland, 524 So.2d at 605. In Kirtland, our supreme court stated:
“Conduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient. Willful and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.”
524 So.2d at 607-08. (Citations omitted.)
The husband argues that the wife deliberately ignored the procedures of the court system when she failed to give the summons and complaint and the pendente lite order to her attorney so that the attorney might file the appropriate response. The wife argues that she did not give these documents to her attorney because, she said, she spoke with the husband after she was served with these documents and that the husband assured her that he “would drop this matter and negotiate an uncontested divorce with her.” The wife also states that she then attempted to *400 negotiate an nncontested divorce with the husband, but was unsuccessful, and that at no time before the entry of the divorce judgment did the husband tell her that he had not dismissed the divorce action.
The husband admitted he attempted to reconcile with his wife. After the wife had been served more than 30 days, the husband waited 2-1/2 months to apply for an entry of default and default judgment. He knew the wife had attempted to negotiate a settlement through her attorney. He admitted he did not give the settlement papers to his attorney. He is not in an equitable position to argue that the wife’s failure to give the summons and complaint and pendente lite order to her attorney prevents her from attacking the default judgment.
In light of the foregoing, we conclude that the trial court abused its discretion when it denied the motion to set aside the default judgment. The trial court’s judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.