69 So.3d 846 (2011)
John FOLDS
v.
HILTON COOPER CONTRACTING, INC.
1081774.
Supreme Court of Alabama.
March 18, 2011.
James L. Martin, Eufaula, for appellant.
Elizabeth M. Borg of McAdoryBorg Law Firm PC, Auburn, for appellee.
STUART, Justice.[1]
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(F), Ala. R.App. P.
COBB, C.J., and WOODALL, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., dissents.
MURDOCK, Justice (dissenting).
Approximately 90 days following the service of a summons and complaint in the underlying action, the trial court granted a motion filed by the plaintiff, Hilton Cooper Contracting, Inc., for a default judgment against the defendant, John Folds.[2] Eleven *847 days later, Folds filed a motion under Rule 55(c), Ala. R. Civ. P., seeking relief from that judgment.
Folds's motion addressed the three factors outlined in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988). As to the first Kirtland factor, Folds alleged a meritorious defense (that he personally was not a party to the construction contract upon which Hilton Cooper's claim was based); as to the third Kirtland factor, Folds made a sufficient showing that his failure to answer the complaint was not a result of willful conduct or conduct committed in bad faith.
As to the second Kirtland factor, whether the plaintiff will be prejudiced if the default judgment is set aside, Folds's motion stated only that Hilton Cooper "will not be substantially prejudiced if the default judgment is set aside." Hilton Cooper responded in the trial court, and has responded in this Court, by asserting only that it will be prejudiced by having to expend the effort and money to litigate the case if the default judgment is set aside. Under the circumstances presented, I do not believe Folds's failure to have made a more substantial showing as to why Hilton Cooper will not be prejudiced should be considered fatal to his appeal from the trial court's denial of his motion for relief from that default judgment. See Sumlin v. Sumlin, 931 So.2d 40, 45-49 (Ala.Civ.App.2005).
NOTES
[1] This case was originally assigned to another Justice on this Court; it was reassigned to Justice Stuart on February 15, 2011.
[2] The amount awarded appears to include the gross amount that was to have been paid for all work that was to have been performed under a construction contract, together with interest. Folds allegedly defaulted after receiving Hilton Cooper's initial invoice for a relatively small portion of the work.