Rel: April 17, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0210
_____

### William Welch

### v.

### Julie Jones

### Appeal from Autauga Circuit Court
### (CV-23-900132)

PARKER, Justice.

William Welch appeals from an order denying his "motion to reinstate" after the circuit court entered a default judgment against him

for failure to appear at trial. We affirm that order and dismiss the appeal in part.

## I.

Julie Jones hired Welch to construct a fence. After a dispute arose over the project, Jones sued Welch, and a trial date was set. When that day came, however, neither Welch nor his attorney appeared in court. So, at Jones's request, the circuit court entered a default judgment in her favor, ordering Welch to pay her a total amount of just over $64,000.

In response, Welch sought to "undo" the default judgment. He first moved to "reinstate" the case, explaining generally (without attaching evidence and without citing legal authorities) that his attorney had incorrectly calendared the trial date. After briefing, however, the circuit court denied that motion without explanation.

Welch then obtained new counsel and tried again. This time, Welch's motion was verified personally under oath. And this time, his motion expressly invoked Rule 60(b)(1), Ala. R. Civ. P., which allows a court to relieve a party from a final judgment in the event of "mistake, inadvertence, surprise, or excusable neglect."

Before the circuit court ruled on Welch's second motion (his verified Rule 60(b) motion), he noticed an appeal to this Court. Soon after, the circuit court announced that, due to Welch's pending appeal, it would hold the verified Rule 60(b) motion in abeyance until further order of this Court.

## II.

We affirm the denial of Welch's motion to "reinstate." In defense of that motion on appeal, Welch invokes the so-called "Kirtland factors" for determining whether to set aside a default judgment: (1) the strength of the defendant's case on the merits; (2) the possibility of unfair prejudice to the plaintiff; and (3) the culpability of the defendant in producing the default. See Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So. 2d 600, 605 (Ala. 1988). It is clear from the record, however, that the circuit court was well within its discretion to deny Welch's motion.

As the party seeking to set aside the default judgment, Welch bore the burden of providing arguments and evidence regarding all three Kirtland factors. Ex parte Ward, 264 So. 3d 52, 56 (Ala. 2018). But Welch's motion to reinstate did not even address the first and second Kirtland factors (that is, the strength of Welch's case and the possibility

3

of unfair prejudice to Jones), let alone provide any supporting evidence. And to the extent it addressed the third <u>Kirtland</u> factor (Welch's culpability for the default), the motion arguably undermined Welch's request by emphasizing that the missed trial date was "the fault of the undersigned and no one else."

Welch's arguments under the <u>Kirtland</u> factors may be more relevant to his second (and verified) Rule 60(b) motion. But that second motion is still pending before the circuit court. Presumably, the circuit court will rule on that motion after resolution of this appeal. But for now, any appeal with respect to that motion is premature, and we must dismiss this appeal to the extent that it relates to that second motion. <u>See, e.g.</u>, <u>Womble v. Moore</u>, 370 So. 3d 817, 820 (Ala. 2022) (dismissing appeal for lack of jurisdiction when a Rule 60(b) motion remained pending before the trial court).

## III.

The circuit court's order dated March 26, 2025, denying Welch's unsupported motion to "reinstate" is affirmed. To the extent that Welch's appeal relates to the Rule 60(b) motion, it is dismissed.

4

ORDER OF MARCH 26, 2025, AFFIRMED; APPEAL DISMISSED IN PART.

Stewart, C.J., and Wise, Sellers, and Cook, JJ., concur.