HOUSTON, Justice.
The sole issue in this case is whether the trial court’s refusal to grant Agnes W. Surette’s Rule 60(b), Ala.R.Civ.P., motion was an abuse of discretion.
On October 19, 1984, Enoch L. Brantley’s motion for summary judgment was granted and judgment was entered against Ms. Sur-ette in the amount of $22,601.96. On December 4, 1984, Ms. Surette filed her Rule 60(b) motion. The trial court heard the motion on February 21, 1985, and denied the motion to set aside the judgment. Ms. Surette appeals. We affirm.
Rule 60(b), Ala.R.Civ.P., is an extreme remedy to be used only under extraordinary circumstances. City of Daphne v. Caffey, 410 So.2d 8 (Ala.1981). The determination of whether to grant or deny relief pursuant to Rule 60(b) is a matter within the discretion of the trial court, subject to revision only upon an abuse of that discretion. Maddox v. Druid City Hospital Board, 357 So.2d 974 (Ala.1978). A de *436 faulting party seeking under Rule 60(b) to have a default judgment set aside must prove one of the grounds for relief set out in the rule, and must allege and prove a meritorious defense to the action. American Home Assurance Company v. Hardy, 378 So.2d 710 (Ala.1979). The same applies to a defendant seeking to have a summary judgment set aside.
At the time Brantley filed his motion for summary judgment, on July 13, 1984, Ms. Surette was represented by Daniel W. Mol-loy, Esquire. Mr. Molloy filed a motion to withdraw as attorney for Ms. Surette on August 1, 1984, with the Clerk of the Circuit Court of Mobile County. The certificate of service shows that he served Ms. Surette and the attorney for Brantley with this motion to withdraw. As grounds for his motion, Mr. Molloy alleged that Ms. Surette had failed or refused to communicate with him about her case or about arrangements for payment of his fees. He further alleged that he wrote Ms. Surette a letter informing her of the necessity of contacting him for the purpose of opposing Brantley’s motion for summary judgment which had been filed, but that he had heard nothing from her. Mr. Molloy’s motion was granted on September 20, 1984, over a month and a half after it was filed. Pursuant to the court’s order, Ms. Surette was given thirty- days to notify the court of the name of her new attorney or of her intentions in this case, or have a judgment taken against her. Thirty days later, the court having heard nothing from Ms. Surette and Ms. Surette not having filed affidavits in opposition to Brantley's motion, the court granted Brantley’s summary judgment against Ms. Surette in the amount of $22,-601.96. This was supported by Brantley’s affidavit, which was filed with the motion for summary judgment.
At the hearing on the Rule 60(b) motion, Ms. Surette testified that she had not received the notice from the Court, which was mailed on September 20, 1984, until October 22, 1984, three days after the judgment was entered against her. Her explanation for not receiving the notice sooner was that she was having two abortions and commuting to the next county to visit her grandmother. Evidence was also presented that she had been present in her business establishment on October 10, 11, 18, and 19,1984 (which was after the notice was mailed and on or before the day that the motion for summary judgment was granted), for she signed invoices for beer on those dates. This Court will not hold that the trial court abused its discretion in finding that Ms. Surette did not prove any of the grounds for relief set out in Rule 60(b); however, this Court must concede that she was busy during this thirty-day period.
Likewise, this Court will not hold that the trial court abused its discretion in holding that Ms. Surette did not have a meritorious defense. Ms. Surette admitted that she received, in three separate payments, $12,000, $4,000, and $1,500 from Brantley. Brantley testified that only $500 of this was repaid. Attorney fees were properly awarded in connection with the $12,000 note, and interest was allowed on the entire $17,000 indebtedness.
Ms. Surette testified that she repaid the $12,000 loan by giving Brantley around $17,300 cash in a paper bag at Ms. Sur-ette’s bar one night. Ms. Surette testified that the $4,000 was a gift (a quid pro quo for amorous relations). When confronted with the notation “loan 90 days from date” on the $4,000 check drawn to her order, she claimed that those words were not on it when the check was given to her. At the court’s request, a photocopy of the check was obtained from the bank on which it was drawn; and this copy showed that these words were written on the check when it was presented for payment.
The action of the trial court should be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and BEATTY, JJ., concur.