KENNEDY, Justice.
The defendant, New Image Industries, Inc. (“New Image”), appeals from an order denying its motion to set aside a default judgment entered in favor of the plaintiffs, Ron Rice and Roland Howell, d/b/a Port of Hair (“Port of Hair”).
Port of Hair was sued by Bell Atlantic Tricon Leasing Corporation (“Bell Atlantic”) in the Circuit Court of Autauga County, Bell Atlantic claiming that Port of Hair had ceased payment on a lease-purchase of hair salon equipment manufactured by New Image. Port of Hair states that it had ceased payment because the equipment was generally defective and, presumably on this basis, it stated in its answer to Bell Atlantic’s complaint that it was not “indebted to the plaintiff.” Port of Hair filed a third-party complaint against New Image.
In count one of its third-party complaint against New Image, Port of Hair alleged a breach of contract. Port of Hair averred that as part of the equipment lease-purchase transaction through Bell Atlantic, New Image had agreed to provide installation of the equipment, repair service by qualified personnel, and free parts replacement in the event parts were found to be defective. Port of Hair alleged that New Image had not complied with this agreement and, by not complying, had breached its contract.
Port of Hair alleged that it had continued to make lease-purchase payments until “it became evident that [New Image] was not going to provide ... services which it had agreed to provide.”
In count two, Port of Hair alleged a breach of warranty. It alleged that New Image had expressly warranted the equipment for one year, and it stated that New Image had refused to make any repairs under the warranty after the one year, even though the equipment had been generally defective and in a state of disrepair since it was put into service.
Port of Hair alleged that New Image had been aware of serious problems with the equipment during the warranty period, problems, it says, that were covered under the warranty. Port of Hair further alleged that the warranty period elapsed without New Image’s having remedied the problems. It alleged that, thereafter, New Image invoked the lapse of the warranty as a reason for refusing to correct the continuing problems under the warranty. Port of Hair said that New Image had an obligation to make the repairs under the warranty and that its failure to do so was a breach of the warranty.
Port of Hair stated that New Image had wrongly put Port of Hair in the position of being forced to purchase an extended warranty in order to obtain redress.
New Image concedes that Lynn Up-church was its “agent” on March 7, 1991, the day the record indicates that Port of Hair’s complaint was received via certified mail by Upchurch at New Image’s corporate offices in Canoga Park, California.
New Image did not answer the complaint or otherwise respond within the time allowed by law. Approximately a month and a half after the complaint was served, Port of Hair moved for a default judgment. A default was entered on April 23, 1991. Later, an ore tenus hearing was held on the issue of damages, and on May 10, 1991, the trial court entered a final default judgment in favor of Port of Hair for $20,870.81. On June 10, 1991, New Image moved to set aside the default judgment “pursuant to ... Rules 55(c) and 60(b), Alabama Rules of Civil Procedure.” New Image specifically averred that it had “good and sufficient defenses to [the] action” and that they would be shown by affidavits to be filed by amendment at a later date. This motion was ultimately denied.
*897 The affidavits—those of New Image’s chairman, Robert Gurevitch, and a New Image employee, Doug Golay—were filed on July 25, 1991, as an amendment to New Image’s motion.
Gurevitch stated that he was “informed and believe[d]” that Lynn Unruh[1] of New Image had received the complaint by certified mail on March 7, 1991, but, he suggested, because she was not New Image’s regular receptionist, she did not understand where to direct it. He said that he was “informed and believe[d]” that the complaint was “generally” addressed to “New Image,” and the record indicates this to be correct.[2]
Gurevitch added that he “did not recall” being informed of the receipt of the complaint and that he first realized the existence of this action when he received a notice indicating that a default judgment had been entered. He stated that if he had known about the lawsuit in time to file a timely response he would have done so.
Golay’s affidavit, discussed infra, does not address New Image’s failure to timely respond.
New Image argues that the principles underlying Rules 55(c) and 60(b), Ala.R.Civ. P., required that the trial court grant its motion to set aside the default.
Rule 60(b) requires, as an absolute prerequisite to relief from a judgment, proof one or more of the grounds enumerated therein. We have stated that “Rule 60(b) ... is an extreme remedy to be used only under extraordinary circumstances”; that “[rjelief pursuant to Rule 60(b) is a matter within the discretion of the trial court, subject to revision only upon an abuse of that discretion”; and that “[a] defaulting party seeking under Rule 60(b) to have a default judgment set aside must prove one of the grounds for relief set out in the rule.” Surette v. Brantley, 484 So.2d 435, at 435-36 (Ala.1986). (Citations omitted.)
Regarding Rule 60(b) grounds, New Image argues that it sufficiently established “excusable neglect.” See Ala.R.Civ.P. 60(b)(1).
However, it is evident that the trial court did not abuse its discretion in denying New Image’s motion under Rule 60(b). There was no pertinent, legally admissible evidence offered relating to the Rule 60(b) ground New Image asserts, excusable neglect. The only evidence tendered by New Image addressing the question of why it failed to timely respond is Gurevitche’s affidavit. The relevant matters it contains consist of inadmissible hearsay and speculation. Therefore, Gurevitche’s affidavit is insufficient to show excusable neglect. See Surette, 484 So.2d at 436 (stating that the movant must “prove” a ground under Rule 60(b)).
Thus, our focus is directed to Rule 55(c).
Like a ruling on a Rule 60(b) motion, a ruling on a Rule 55(c) motion will not be disturbed except where “the trial court’s decision constituted an abuse of discretion.” Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603 (Ala.1988).
In order to prevail on a motion to set aside a default judgment under Rule 55(c), the movant must state, among other things, a meritorious defense to the underlying lawsuit. Kirtland, 524 So.2d at 605. “If a trial on the merits would not change the outcome, the court would be wasting its and the parties’ resources in setting the default judgment aside.” Kirtland, 524 So.2d at 606.
In determining whether the movant has advanced a meritorious defense, we look to whether “[tjhe defense proffered by the defaulting party [is] of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case.” Id. In this regard, the “defaulting *898 party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action” or where “sufficient evidence has been adduced either by way of affidavit or some other means to warrant submission of the case to the jury.” Id. It is insufficient to state “bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant grounds substantiated by a credible factual basis. ” Id. (Emphasis added.)
New Image filed no answer, but its motion to set aside the judgment alleged that “New Image ... has good and sufficient defenses to this action as shown by affidavits of representatives of New Image ... to be attached hereto by amendment.” As discussed, the affidavits subsequently submitted as an amendment were those of Robert Gurevitch and Doug Golay.
Obviously, Gurevitch’s affidavit, which we have discussed, does not address any factual basis for a defense on the merits of this case.
Golay stated in his affidavit that his statements were being made on personal knowledge. He said that Port of Hair had accepted delivery of the equipment in question in August 1987 and had signed a document stating that, based on an “inspection,” it had “accepted” the “receipt” of the equipment as “satisfactory for all purposes of the lease.” Golay, the technical director for New Image, stated that he spoke with Roland Howell of Port of Hair after the warranty on the equipment had expired. He said that Howell complained that certain components of the equipment were defective. Golay stated that “as an accommodation” New Image replaced the components under an extended warranty that New Image allowed Port of Hair to purchase for this purpose. Golay’s affidavit did not address whether these equipment problems were a continuation of problems that had not been properly resolved under the original warranty, as alleged by Port of Hair on its warranty claim. Also, Golay’s affidavit did not address matters relating to any purported agreement with Port of Hair that Port of Hair says encompassed repairs by “qualified” personnel, installation by New Image, and free replacement of defective parts, factual matters underlying Port of Hair’s breach of contract claim.
Thus, like Gurevitch’s, Golay’s affidavit does not advance a factual basis for a defense on the merits of the case. Accordingly, New Image’s assertion that it had “good and sufficient defenses,” being unsubstantiated, is a “bare legal conclusion.”
Under our analysis in Kirtland, New Image was not entitled to a favorable ruling on its Rule 55(c) motion. Even if New Image proved the matters in Golay’s affidavit, they would not create either a jury question or a complete defense for New Image on Port of Hair’s claims.
Golay does say that the original warranty had expired when Port of Hair complained directly to him of problems that were ultimately dealt with under the extended warranty. However, Port of Hair’s warranty claim raises the issue of whether New Image had a continuing obligation, irrespective of when the warranty expired, to correct problems that, Port of Hair says, were covered under the original warranty and that, it says, New Image had never remedied under the warranty. Golay’s affidavit does not touch on this issue.
Also, New Image argues that a meritorious defense is raised by Port of Hair’s acknowledgement, within the Bell Atlantic lease agreement, that the equipment was satisfactory for purposes of the lease.
This acknowledgment was specifically directed to an inspection and acceptance upon receipt of the equipment, i.e., at delivery. The acknowledgment says that Port of Hair “acknowledges receipt of the equipment ... and accepts the equipment after full inspection thereof as satisfactory for all purposes of the lease.”
New Image apparently implies that this acknowledgment shows that Port of Hair, contrary to its present allegations, found the equipment to be satisfactory. New *899 Image states only the fact of the acknowledgment; it does not develop any argument about the acknowledgment. Therefore, this is not properly an issue for our resolution.[3] Ala.R.App.P. 28(a)(5).
We hold fast to the presumption that cases should be decided on the merits whenever practicable. See Kirtland, 524 So.2d at 604. However, in this case, New Image’s contention that it had “good and sufficient defenses” is unsupported by a factual basis; thus, the trial court did not abuse its discretion in denying New Image’s motion to set aside the default judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.

. Lynn Unruh, referred to by Gurevitch, and Lynn Upchurch, referred to in New Image’s brief, are the same person.

. We note that service on a corporation may be properly made "by serving the corporation by certified mail.” Rule 4(c)(6), Ala.R.Civ.P. It is not necessary that it be directed to any specific individual or officer.

. However, we note that Port of Hair’s' acknowledgment was part of an agreement with Bell Atlantic, not New Image. As this statement relates to New Image, which was not a party to the lease, it can be read, at best, to indicate only that at the time of delivery Port of Hair did not discover any problems. It cannot be reasonably inferred that from then on, Port of Hair literally found the equipment to be satisfactory or waived any future complaints about the equipment as to New Image. Moreover, the fact that Port of Hair found the equipment satisfactory at delivery is not inconsistent with Port of Hair’s allegations that when it attempted to actually place the equipment into service immediately after delivery, it malfunctioned.