ROBERTSON, Presiding Judge.
These are appeals from two default judgments, one condemning and forfeiting a 1985 Mercedes-Benz automobile, and a second condemning and forfeiting a nine-millimeter Glock pistol.
On April 8, 1993, the State of Alabama filed two separate petitions in the Shelby *896 County Circuit Court, requesting in one petition that the trial court condemn and forfeit a 1985 Mercedes-Benz automobile, VIN WDBDA24CAFF074241, and in the other petition, requesting that the trial court condemn and forfeit a nine millimeter Glock pistol, serial number BY739. The State alleged that the automobile was used by La-velle C. Weaver a/k/a Jahanda Farad to transport marijuana and crack cocaine and that the pistol was in Weaver’s possession when she was found in the act of facilitating the sale or distribution of marijuana and crack cocaine.
On April 29,1993, Weaver filed answers to the petitions, denying that she had transported, sold, or distributed marijuana and crack cocaine. Weaver alleged that the police lacked probable cause for the seizure of her property, and that her property was seized without due process.
The condemnation eases were called for trial on July 28, 1993. Weaver’s counsel of record were both present; however Weaver failed to appear. As a result of Weaver’s failure to appear, Weaver’s attorneys moved, in both cases, to withdraw as attorneys on her behalf in both cases. The trial court granted their motions. The State then moved for a default judgment in each ease because of Weaver’s failure to appear and requested the trial court to condemn and forfeit Weaver’s 1985 Mercedes-Benz automobile and her nine-millimeter Glock pistol. The State also presented ore tenus testimony in support of its petitions for condemnation.
The trial court, on August 6, 1993, entered a default judgment in each case. The trial court entered judgments, condemning and forfeiting Weaver’s 1985 Mercedes-Benz automobile, and condemning and forfeiting her nine-millimeter Glock pistol. On September 3, 1993, Weaver filed two motions, pursuant to Rule 55(c) and Rule 60(b), Ala.R.Civ.P., to set aside the default judgments and the judgments condemning and forfeiting her property. Weaver alleged that she had meritorious defenses to the actions and she further alleged the ground of excusable neglect. On October 19,1993, after an ore tenus proceeding, the trial court denied Weaver’s motions to set aside the judgments.
Weaver appeals, raising five issues: (1) whether the trial court abused its discretion by refusing to allow her to testify that she had a meritorious defense to the forfeiture of her property; (2) whether the trial court abused its discretion by not setting aside the default judgments where Weaver had a meritorious defense; (3) whether the trial court abused its discretion by not setting aside the default judgments where Weaver showed that her failure to appear in court was not based on culpable conduct; (4) whether the trial court abused its discretion by not setting aside the default judgments where it is clear that the State of Alabama would not be unduly prejudiced if the default judgments were set aside; and (5) whether she properly filed motions to set aside the default judgments pursuant to Rule 60(b), Ala.R.Civ.P., where the 30-day period in which to file a motion to set aside the default judgments pursuant to Rule 55(c), Ala.R.Civ.P., had expired.
Weaver’s issues on appeal all involve whether the trial court abused its discretion by denying her motions to set aside the default judgments, and therefore, we need not address her issues separately. After carefully reviewing the record, we find that Weaver’s Rule 55(c), Ala.R.Civ.P., motions were timely filed, which pretermits the necessity of a determination of whether she met the requirements of Rule 60(b), Ala. R.Civ.P.
A ruling on a Rule 55(c), Ala.R.Civ.P., motion, like a ruling on a Rule 60(b), Ala. R.Civ.P., motion, will not be disturbed on appeal except where the judgment of the trial court constitutes an abuse of discretion. New Image Industries, Inc. v. Rice, 603 So.2d 895 (Ala.1992).
A defaulting party must state, among other things, a meritorious defense to the underlying lawsuit in order to prevail under Rule 55(c), Ala.R.Civ.P. Id. In determining whether the movant has advanced a meritorious defense, we look to see whether the defense proffered by the defaulting party is of such merit so as to induce the trial court to infer that allowing the litigation of the defense could foreseeably change the out *897 come of the ease. Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988). The defaulting party has made a satisfactory showing of a meritorious defense “when allegations in an answer or in a motion to set aside the default judgment ... if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced ... to warrant submission of the case to the jury.” Id. at 606.
The record reflects that on March 26, 1993, officers of the Shelby Regional Narcotics Task Force arrested Weaver and her husband at their residence and seized Weaver’s automobile and her pistol. Thereafter, Weaver and her husband retained counsel, who associated counsel to assist him, to represent them regarding their arrests and the seizure of Weaver’s automobile and her pistol. The record reflects that Weaver’s retained counsel sent a letter addressed to Weaver and her husband, which they received, informing them of the date of the trial for the condemnation actions. The record also reflects that Weaver and her husband received a subsequent letter from the associated counsel informing them of the date for their trial on the criminal charges.
Weaver and her husband testified that when they received the second letter they thought the trial date for the condemnation actions had been changed. Weaver testified that she did not know that there was a civil (condemnation) action and a separate criminal action pending against her. Weaver also testified that she and her husband were in an automobile accident on July 26,1993, in Baldwin County, Alabama, and that her husband was injured and hospitalized. Weaver further testified that her husband was released from the hospital on July 27, 1993, but that he was taking pain medication and would have been unable to travel to Shelby County for the trial on July 28, 1993. Weaver testified that she could not have attended the July 28 trial because she could not leave her husband alone and there was no one else available to take care of him. Weaver failed to present any evidence to the trial court and that she had meritorious defenses to the condemnation actions.
Consequently, we find that the trial court’s denial of Weaver’s motions to set aside the default judgments was not an abuse of discretion and that the judgments of the trial court are due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.