ROBERTSON, Presiding Judge.
This is a petition for writ of mandamus. This case was transferred to the author of this opinion on September 29,1994.
We note at the outset that the record before us does not contain a court reporter’s transcript of the testimony upon which the trial court based its decision. Also, there is no Rule 10(d), Ala.RApp.P., statement of the evidence in lieu of a transcript. It is well settled law in Alabama that where the trial court considered oral testimony in reaching its decision and that testimony is not in the record, the testimony is presumed to have been sufficient to support that decision. Averett v. Averett, 575 So.2d 598 (Ala.Civ.App.1991).
The scant record in this ease reveals that on January 13, 1981, a default judgment was entered, adjudging J.S.T. to be the father of S.S.Z., a minor child, based upon the affidavits of the mother, J.Z., and a social worker for the Colbert County Department of Pensions and Security.
On July 8, 1993, the State of Alabama, on behalf of J.Z., filed a petition for writ of ne exeat. On August 11, 1993, J.S.T. filed an answer and defenses to the petition for ne exeat. J.S.T. also filed a Rule 60(b)(6) motion to set aside the January 13,1981, default *562 judgment of paternity, alleging that he had requested a blood test but that the mother failed to appear for the test; that he had been incarcerated on the date of the trial in 1981; that he did not have actual knowledge of the default judgment of paternity until 1992, when he received notice of a tax refund offset for a child support arrearage; that he immediately responded to the notice of the tax refund offset by denying paternity; and that he denied that he had ever acknowledged paternity of the minor child. J.S.T. also filed a motion for blood tests. Following an ore tenus proceeding on August 26, 1993, the trial court entered an order on September 20, 1993, which states, in pertinent part, as follows:
“The matters now pending before the Court in this cause are: a Petition for Writ of Ne Exeat filed by the State; Answer and Defenses of [J.S.T.] to Petition for Writ of Ne Exeat; [J.S.TJ’s Motion to Set Aside Previous Adjudication of Paternity; and Defendant’s Motion for Blood Tests.
“This case began with the arrest of [J.S.T.] on a Bastardy Warrant issued on November 4, 1980. On December 16, 1980, the case was continued to January 13, 1981, to allow time for a blood test to be taken. On January 13, 1981, [J.S.T.] did not appear for Court and a default was entered in which [J.S.T.] was found to be the father of S.S.Z., based upon the sworn affidavit of the child’s mother. [J.S.T.] was ORDERED to pay $25.00 per week child support. The case lay dormant until the Petition for Writ of Ne Exeat was filed on July 8,1993.
“On August 26, 1993, the Court held a hearing on the matters currently pending before the Court....
“Based upon the evidence presented at the hearing and the Court’s application of existing law to that evidence the Court finds that extraordinary circumstances exist which warrant relief from the previous paternity adjudication. A partial list of these extraordinary circumstances is as follows:
“1. The paternity judgment in the original case is a default judgment. [J.S.T.] had requested a blood test. The blood test was never accomplished apparently through no fault of [J.S.T.]. When [J.S.T.] failed to appear in court he did so because he was incarcerated by another court.
“2. There is substantial reason to believe that [J.S.T.] did not know he had been adjudicated the father of the child until a Tax Offset was served on him in 1992. At that time [J.S.T.] immediately began taking steps to deny paternity. This same [mother] and [J.S.T.] were before this Court in 1983 in a separate Paternity and Support Case and no issue was raised about [J.S.T.’s] delinquent support obligation in this case. [J.S.T.] remained in Alabama from 1983 to 1987 then lived in Michigan from 1987 to February 1991. [J.S.T.] was again incarcerated in Alabama from February 1991 to October 1991. No action against [J.S.T.] for delinquent support was ever taken by the State or the [mother] prior to the 1992 Tax Offset.
“3. The argument that [J.S.T.] has deliberately hidden to avoid his obligation in this case appears to be without merit. “4. There is no evidence that [J.S.T.’s] failure to re-litigate paternity in this case was from a lack of due diligence. “5. There is no evidence that [J.S.T.] ever made a deliberate choice not to question paternity.
“6. There appears to have been no reliance of the mother and child on the paternity adjudication. [J.S.T.] had never made a support payment until threatened with jail by the pending Ne Exeat.
“It is, therefore, ORDERED and DECREED that the State’s Petition for Writ of Ne Exeat is hereby denied, the sureties on the bond are hereby released and the parties are ORDERED to submit to blood test at [J.S.T.j’s expense.
“This matter will remain pending until testing and discovery is completed and the ease is ready for trial.” (Emphasis added)
The State, on behalf of J.Z., filed a petition for a writ of mandamus on December 14, 1993, requesting this Court to instruct the trial judge to withdraw his order for blood *563 tests and to issue an order reaffirming the January 13, 1981, default judgment of paternity.
Mandamus is a drastic and extraordinary writ to be issued only where there is a clear legal right to the order sought by the petitioner; only where there is an imperative duty upon the trial judge to perform, accompanied by a refusal to do so; and only where there is a lack of another adequate remedy. Ex parte Leigeber, 608 So.2d 404 (Ala.Civ. App.1992) (citation omitted). Put another way, this court and our supreme court have stated that “for us to grant the writ, credible allegations, ironclad in nature, must exist, which show that the law binds the trial judge to do what the petitioner has requested.” Ex parte Hudson, 562 So.2d 248, 249 (Ala. 1990) (citation omitted); Leigeber.
The State argues that the doctrine of res judicata prevents J.S.T. from relitigating the paternity of the minor child. Our supreme court has specifically addressed this issue in Ex parte W.J., 622 So.2d 358 (Ala.1993). Our supreme court stated:
“The doctrine of res judicata prevents the same parties from relitigating issues determined by a court of competent jurisdiction. Although this doctrine could preclude a party from showing what is or could be the truth, the interest of putting an end to controversies after a fair and thorough hearing generally outweighs the factfind-ing interest after the time for appeal has lapsed, except in rare circumstances. In those rare circumstances, Rule 60(b) makes available relief from a prior judgment.”
Id. at 360 (citation omitted).
A ruling on a Rule 60(b), Ala.R.Civ. P., motion will not be disturbed by an appellate court except where the trial court’s decision constituted an abuse of discretion. New Image Industries, Inc. v. Rice, 603 So.2d 895 (Ala.1992). The trial court’s order only stated “[a] partial list of [the] extraordinary circumstances ...” before the trial court. Without a transcript of the testimony or a Rule 10(d) statement of the evidence, we cannot hold that the trial court’s decision constituted such an abuse of discretion as to warrant the issuance of a writ of mandamus.
“Additionally, it is implicit in the Alabama Rules of Civil Procedure that default judgments are not favored.” Fries Correctional Equipment v. Con-Tech, Inc., 559 So.2d 557, 560-61 (Ala.1990) (citation omitted). “We hold fast to the presumption that cases should be decided on the merits whenever practicable.” New Image Industries, Inc., 603 So.2d at 899. Consequently, the writ must be denied. Hudson, supra.
WRIT DENIED.
YATES, J., concurs.
THIGPEN, J., dissents.