ON APPLICATION FOR REHEARING
On application for rehearing the opinion of this court issued in this case on December 13, 1991 is withdrawn and the following is substituted therefor.
In 1991 the Jefferson County Department of Human Resources filed petitions to terminate the parental rights of J.S. (father) and P.S. (mother) in regard to their two minor daughters. After an ore tenus proceeding, the Juvenile Court of Jefferson County entered a single order on July 30, 1991, terminating the parental rights of both parties.
On August 9, 1991 the father filed a motion for new trial, which was denied on August 21; the father filed an appeal to this court on that same day. The mother filed a motion for reconsideration of the July 30 order on August 13. The court entered an order denying her motion on September 9, 1991, and the mother then filed a notice of appeal to this court on September 19, 1991.
After considering the above, we conclude that each party's appeal is untimely. An appeal from a judgment in the juvenile court must be taken within 14 days from the time that the judgment is made final. Rule 28, Alabama Rules of Juvenile Procedure. When postjudgment motions are timely filed, the judgment of the court is not made final and the time for appeal is suspended. See Ex parte Andrews, 520 So.2d 507 (Ala. 1987).
In this case, the separate petitions against the two parties were consolidated by the entering of a single judgment, which thereafter could not be made final until the postjudgment motions of both parties were ruled upon. The father filed his notice of appeal while the mother's timely postjudgment motion was pending before the court. The judgment was not final at that time; thus his appeal was premature. Andrews.
Postjudgment motions may not remain pending in the court for more than 14 days, and are deemed to be denied by operation of law thereafter. Rule 1, A.R.Juv.P. If the postjudgment motions are denied by the court or by operation of law, the judgment is made final and appeal must be filed within 14 days of the date of such denial. Rule 4(a)(3), Alabama Rules of Appellate Procedure. See Potter v. State Dep't of Human Resources,511 So.2d 190 (Ala.Civ.App. 1987).
Here, the court did not rule on one of the postjudgment motions within the 14-day period; thus, that motion was denied by operation of law on August 27, 1991, and the court's ruling on September 9 was without effect because it was outside its jurisdiction. Rudd v. Rudd, 467 So.2d 964 (Ala.Civ.App. 1985). The judgment was made final on August 27 and the time for appeals began to run from that date. The period for appeals expired 14 days later, on September 10, 1991.
The mother did not file an appeal until September 19, 1991, which was more than 14 days beyond the date of denial by operation of law of said motion. The mother's appeal being untimely, it is dismissed.
In view of the foregoing, both appeals before this court are dismissed. *Page 1378 
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING DENIED.
APPEALS DISMISSED.
All the Judges concur.