ROBERTSON, Presiding Judge.
The record reflects that the Calhoun County Circuit Court, Juvenile Division, entered an order on March 20, 1990, directing M.C.S. to pay child support of $185 per month to AH. for the support of their minor daughter. On March 31, 1993, the State of Alabama, on behalf of A.H., filed a petition in the Calhoun County Circuit Court, Juvenile Division, seeking to modify M.C.S.’s child support obligation. On October 14,1993, M.C.S. faded to appear at the hearing on the modification petition, and the trial court entered a default judgment, modifying M.C.S.’s child support obligation to $413 per month.
On January 19,1994, M.C.S. filed a motion, pursuant to Rule 60(b), Ala.R.Civ.P., requesting that the October 14, 1993, judgment be vacated. The trial court entered an order on April 19,1994, vacating the October 14,1993, judgment and directing M.C.S. to answer A.H.’s petition within 10 days. M.C.S. answered the petition on April 27,1994.
Following a hearing on February 22, 1995, the trial court entered a judgment on May 24, 1995, increasing M.C.S.’s monthly child support obligation to $379. M.C.S. filed a motion to alter or amend the June 23, 1995, judgment. The motion was denied by an order of the trial court entered on September 15, 1995. M.C.S. filed a notice of appeal to this court on October 20, 1995. This appeal must be dismissed as untimely.
Aa.Code 1975, § 26-17-20 provides as follows:
“(a) The State of Alabama, the person on the relation of whom the action is brought or the defendant may appeal from any final judgment rendered under the provisions of this chapter. Appeals shall be taken from the juvenile or family court division of either the district or circuit *1375 court to the circuit court for a trial de novo and for a jury trial, if demanded by the appellant or the defendant. Written notice of appeal shall be filed with the clerk of the circuit court within lk days of the date of the order appealed from or the denial of a post trial motion. The defendant may file a supersedeas bond on appeal to stay enforcement of a support order, but a support order shall continue to accrue during the pendency of the appeal. Any party may appeal to the court of civil appeals pursuant to the Alabama Rules of Appellate Procedure and the Alabama Rules of Juvenile Procedure upon the entry of a final judgment in the circuit court on the trial de novo. If the appeal is taken by the state, no security for the cost need be given.
“(b) Appeals may be taken from the juvenile or family court division of the district or circuit court directly to the court of civil appeals if there is an adequate record or stipulation of the facts by the parties and the right to a jury trial is waived by all parties entitled thereto. Provided, that this subsection shall specifically not be construed as requiring the juvenile and family court divisions of the district and circuit courts to maintain a record of the proceedings brought pursuant to the provisions of this chapter. Written notice of appeal in appeals brought pursuant to this subsection shall be filed within lk days of the entry of the judgment or order appealed from.”
(Emphasis added.)
In pertinent part, Rule 28, Ala.R.Juv.P., further provides:
“(A) Direct appeal to appellate courts.
“(1) Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
“(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
“(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.
“(B) Appeal to circuit court. Appeals from final orders, judgments or decrees in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo and the case shall be heard by a different circuit judge if heard by a circuit judge in the first instance in the juvenile court.
“(C) Notice of appeal. Written notice of appeal shall be filed within fourteen (lk) days of the judgment, order or decree appealed from, whether the appeal is to an appellate court or to the circuit court for trial de novo.”
(Emphasis added.)
Rule 2(a)(1), Ala.R.App.P., provides: “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appeal court.” This court is without jurisdiction; therefore, this appeal is due to be dismissed. M.C. v. KB., 634 So.2d 595 (Ala.Civ.App.1994); J.S. v. State Dep’t of Human Resources, 597 So.2d 1376 (Ala.Civ.App.1992).
APPEAL DISMISSED.
YATES and CRAWLEY, JJ., concur.