BRYAN, Judge.
 

 Robert James Thibodeau (“the husband”) appeals from the judgment denying his motion to set aside a default judgment entered after he failed to appear at the final hearing on the divorce complaint filed by Lois Godwin Thibodeau (“the wife”). We reverse and remand with instructions.
 

 On May 30, 2007, the wife sued the husband for a divorce. On the same day, the wife filed a “motion for temporary relief’ seeking, among other things, exclusive possession of the marital residence and a restraining order against the husband. The wife’s motion for temporary relief asserted that the husband was an alcoholic and that he had made threats against the wife and her three minor children. On June 19, 2007, the trial court entered an order that, among other things, set the wife’s motion for temporary relief for a hearing on July 13, 2007. On June 29, 2007, the husband moved the trial court to continue the hearing on the wife’s motion for temporary relief because he was “scheduled to be activated for [Alabama National Guard] summer camp on July 7, 2007, and [he was] not scheduled to be released from active duty until July 26, 2007.” On July 13, 2007, the trial court entered an order resetting the hearing on the wife’s motion for temporary relief. On July 30, 2007, the trial court, pursuant to an agreement of the parties, entered an order awarding the wife temporary exclusive possession of the marital residence and restraining the husband and the wife from harassing one another.
 

 On August 31, 2007, the husband moved the trial court to continue the final hearing on the wife’s divorce complaint because “[t]here [were] outstanding responses to discovery requests] made by the [husband]” and because “[t]he case is not ready for trial.” On September 4, 2007, the trial court entered an order continuing the final hearing on the wife’s divorce complaint until October 30, 2007. On October 29, 2007, the husband moved the trial court to continue the final hearing on the wife’s divorce complaint for the same reasons asserted in his August 31, 2007, motion to continue. The husband’s October 29, 2007, motion to continue also asserted that the wife had consented to the hearing being continued. On October 30, 2007, the trial court entered an order continuing the final hearing on the wife’s divorce complaint until January 29, 2008.
 

 On January 29, 2008, the trial court entered an order stating that the husband had failed to appear at the final hearing and that “following testimony, order [was] issued by default....” On February 26, 2008, the trial court entered a divorce judgment based upon the hus
 
 *594
 
 band’s default (“the default judgment”). The default judgment awarded the wife the marital residence and all of its contents, “the Honda 250 4-wheeler ATV,” “the 15-piece Cuisinart knife set,” and “the Brinkman Charcoal grill.... ” The default judgment noted that “[a]II other personal property ha[d] been divided by the parties.... ” The default judgment also awarded each party his or her individual retirement accounts and ordered that each party shall be responsible for paying his or her individual debts.
 

 On February 28, 2008, the husband moved the trial court to set aside the default judgment. The husband’s motion to set aside the default judgment asserted that he had failed to appear at the final hearing “as a result of mistake, inad-vert[e]nce or excusable neglect....” After conducting a hearing on the matter, the trial court, on May 27, 2008, entered a judgment denying the husband’s motion to set aside. On the same day, the husband filed an “amendment to motion to set aside default” and a supporting affidavit. On May 28, 2008, the husband moved the trial court to alter, amend, or vacate its judgment, purportedly pursuant to Rule 59(e), Ala. R. Civ. P.
 
 [1]
 
 The husband filed a notice of appeal on July 3, 2008.
 
 [2]
 

 The husband raises four arguments on appeal. First, the husband argues that the trial court exceeded its discretion by refusing to set aside the default judgment. Second, the husband argues that the trial court exceeded its discretion by awarding “all of the marital property” to the wife. Third, the husband argues that insufficient evidence supports the trial court’s default judgment divorcing the parties on the ground of incompatibility. Finally, the husband argues that the trial court erred
 
 *595
 
 by failing to hold an evidentiary hearing on the husband’s motion to alter, amend, or vacate.
 

 Rule 55(c), Ala. R. Civ. P., provides, in pertinent part, that a trial court may “set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.” The husband filed his motion to set aside two days after the trial court’s entry of the default judgment; thus, the husband’s motion to set aside was a timely filed Rule 55(c) motion.
 

 “In
 
 Kirtland v. Fort Morgan Auth. Seiuer Sew., Inc.,
 
 524 So.2d 600 (Ala. 1988), this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant’s motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant’s right to defend on the merits.
 
 Kirtland,
 
 524 So.2d at 604. These interests must be balanced under the two-step process set out in
 
 Kirtland.
 

 “Under
 
 Kirtland,
 
 the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider ‘1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default juclgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.’
 
 Kirtland,
 
 524 So.2d at 605.”
 

 Sampson v. Cansler,
 
 726 So.2d 632, 633 (Ala.1998).
 

 In the case now before us, the trial court’s judgment denying the husband’s motion to set aside the default judgment does not state that the trial court considered the factors set out in
 
 Kirtland v. Fort Morgan Authority Sewer Service,
 
 524 So.2d 600 (Ala.1988), in reaching its decision.
 
 [3]
 
 Accordingly, we reverse that judgment and remand the cause with instructions to the trial court to consider the
 
 Kirtland
 
 factors in determining whether to set aside the default judgment.
 
 Campbell v. Campbell,
 
 910 So.2d 1288 (Ala.Civ.App.2005) (plurality opinion);
 
 Cobb v. Loveless,
 
 807 So.2d 566 (Ala.Civ.App.2001); and
 
 White v. Westmoreland,
 
 680 So.2d 348, 349 (Ala.Civ.App.1996) (holding that “the trial court must apply the
 
 Kirtland
 
 factors in deciding whether to set aside the default judgment”). This holding pretermits the other arguments raised by the husband. The husband’s motion to strike portions of the wife’s brief on appeal is denied.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The husband's motion to alter, amend, or vacate was filed more than 30 days after the entry of the trial court's February 26, 2008, default judgment; thus, that motion was untimely.
 
 See
 
 Rule 59(e), Ala. R. Civ. P. ("A motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment.''). Because the trial court was without jurisdiction to consider the husband’s untimely motion to alter, amend, or vacate, the last judgment in this cause that would support an appeal was the trial court's May 27, 2008, denial of the husband's motion to set aside the default judgment.
 
 See Brown v. Martin,
 
 394 So.2d 375, 377 (Ala.Civ.App.1980) (concluding that a motion to set aside a default judgment "tolls the running of the time period within which a notice of appeal must be filed pursuant to Rules 3 and 4 of the [Alabama Rules of Appellate Procedure]” and that "[t]he time for filing begins to run again only when the trial court enters an order granting or denying the motion”).
 

 Furthermore, we note that it is somewhat unclear whether the husband’s motion to alter, amend, or vacate seeks relief from the default judgment or from the trial court's May 27, 2008, judgment denying his motion to set aside. However, if we had instead determined that the husband's motion to alter, amend, or vacate had moved the trial court to alter, amend, or vacate its May 27, 2008, judgment, then the husband’s motion to alter, amend, or vacate would have been an impermissible successive postjudgment motion because it sought the same relief requested in his motion to set aside the default judgment.
 
 See Gold Kist, Inc. v. Griffin,
 
 659 So.2d 626, 627 (Ala.Civ.App.1994) ("Successive post-judgment motions by the same party, seeking essentially the same relief, are not allowed.”). Thus, in either case, the husband’s motion to alter, amend, or vacate was of no effect.
 

 [2]
 

 . The husband's notice of appeal was filed within 42 days of the entry of the trial court's May 27, 2008, judgment denying his motion to set aside the default judgment; thus, this court has jurisdiction over the husband’s appeal.
 
 See
 
 Rule 4(a)(1), Ala. R.App. P. ("Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from .... ”).
 

 [3]
 

 . The trial court’s May 27, 2008, judgment denying the husband’s motion to set aside the default judgment provides only that the "Lm]otion to set aside [was] argued and denied.” Furthermore, the transcript of the hearing on the husband's motion to set aside the default judgment reveals that the trial court failed to engage in an analysis of the
 
 Kirtland
 
 factors before denying the husband’s motion.