SHAW, Justice.[1]
Marvin Roland Graves, the defendant below, appeals from a summary judgment awarding the plaintiff, Mary Golthy, as administratrix of the estate of Freddie Golthy, Jr., deceased, $1,375,000 in punitive damages in this wrongful-death action. Because Graves’s notice of appeal was not filed within 42 days of the entry of the judgment, this appeal is untimely and must be dismissed.

Facts and Procedural History

In light of our disposition of this appeal, a detailed statement of the facts giving rise to this action is not necessary. Gol-th/s claim arose out of the fatal shooting of her husband, Freddie Golthy, Jr., by Graves. Golthy, as administratrix of *721 Freddie’s estate, brought a wrongful-death action against Graves seeking damages for Freddie’s death. Golthy ultimately filed a motion for a summary judgment in the wrongful-death action, and the trial court conducted a hearing on that motion on August 9, 2005.[2] Graves appeared at the hearing and presented testimony. Thereafter, following the filing of supplemental supporting documents by Golthy, a notification of the failure of settlement efforts, and a substantial lapse of time, the trial court, on March 1, 2007, issued an order entering a partial summary judgment for Golthy as to liability, but it made no determination with respect to damages.
On March 21, 2007, Graves filed what he styled as a “Motion of Objection Relief from Judgment and Order Stay of Proceeding.” In that motion Graves cited Rule 62(b), Ala. R. Civ. P. (dealing with the stay of execution of, or any proceedings to enforce, a judgment pending the disposition of certain postjudgment motions), and Rule 56(d), Ala. R. Civ. P.[3] Although Golthy filed a response opposing Graves’s motion, there is no indication in the record that the trial court ever ruled on Graves’s motion.
The trial court held a hearing on the damages to be awarded Golthy and on July 27, 2007, issued an order awarding Golthy $1,375,000 in punitive damages. That order, which disposed of all the remaining claims in this case, was stamped “filed” by the circuit court clerk on August 1, 2007, and input into the State Judicial Information System on August 16, 2007. The July 27, 2007, order awarding damages was thus deemed “entered” on August 16, 2007, see Rule 58(c), Ala. R. Civ. P., and constituted a final, appealable judgment.
On August 15, 2007, Graves filed a “Motion for Stay of Execution” pursuant to Rule 62(a) (dealing with automatic stay of execution of, or any proceedings to enforce, a judgment and the exceptions thereto) and (b), Ala. R. Civ. P. This August 15 motion to stay was denied by the trial court.
On September 25, 2007, Graves filed a “Motion for Relief from Judgment or Order.” This motion, which sought relief from the August 16, 2007, judgment, cited Rule 60, Ala. R. Civ. P.; it was denied by the trial court on October 16, 2007. On November 14, 2007, Graves filed a written notice of appeal.[4]

*722
Discussion

Graves’s notice of appeal was filed 90 days after the August 16, 2007, entry of the final judgment in this case, well beyond the 42-day period for filing a notice of appeal provided by Rule 4(a), Ala. R.App. P. The issue before this Court is whether either of the two postjudgment motions filed by Graves — the one filed on August 15, 2007, and the one filed on September 25, 2007 — can be characterized as one of the postjudgment motions specifically enumerated in Rule 4(a)(3), Ala. RApp. P., that tolls the time for filing a notice of appeal. Rule 4(a)(3) provides:
“The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure [Ala. R. Civ. P.] shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1. Any error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule 52(b) or Rule 59 of the [Ala. R. Civ. P.].”
Golthy argues, and we agree, that neither the August 15 motion nor the September 25 motion tolled the time for filing the notice of appeal in this case. “[T]his Court looks to the essence of a motion, not necessarily to its title, to determine how the motion is to be considered under the Alabama Rules of Civil Procedure.” Ex parte Johnson, 715 So.2d 783, 785 (Ala.1998). The August 15 motion to stay execution clearly indicates that it was filed pursuant to Rule 62, Ala. R. Civ. P. Consistent with Rule 4(a)(3), Ala. RApp. P., the Committee Comments on 1973 Adoption of Rule 62 plainly state that the stay provided for in the rule “does not affect appealability of the judgment nor prevent the time for appeal from running.” Further, although Graves stated in the motion to stay that its purpose “[was] to allow (Graves) the opportunity to consider his future course of actions in this case and/or motion for a new trial, or to alter, amend, or vacate [the trial] court’s judgment pursuant to Rule 59, Ala. R. Civ. Proc.,” he did not actually move to alter, amend, or vacate the trial court’s final judgment. Thus, the August 15 motion was not a Rule 59, Ala. R. Civ. P., motion and did not toll the time in which to file the notice of appeal.
Graves’s September 25 motion, which was filed 40 days after the August 16, 2007, final judgment, is titled a “Motion for Relief from Judgment or Order.” The motion cites Rule 60, Ala. R. Civ. P., and asserts that Graves was in prison and thus unable to properly respond to Golthy’s summary-judgment motion. However, a Rule 60 motion is not included in Rule 4(a)(3), Ala. R.App. P., as one of the motions that toll the time in which to file an appeal. See also Borders v. City of Huntsville, 875 So.2d 1168, 1175 (Ala.2003); Alabama Farm Bureau Mut. Cas. Ins. Co. v. Boswell, 430 So.2d 426, 428 (Ala.1983) (holding that a Rule 60(b)(6) *723 motion “does not affect the finality of the judgment or toll the time for appeal”). Therefore, to the extent that the September 25 motion can be considered a Rule 60, Ala. R. Civ. P., motion, it did not toll the 42-day period in which to file the notice of appeal.
Graves’s September 25 motion also attacks the propriety and constitutionality of the trial court’s award of punitive damages. To the extent that this could be considered a motion to alter, amend, or vacate the judgment under Rule 59(e), Ala. R. Civ. P., the motion is untimely because it was not filed within 30 days of the August 16, 2007, judgment. See Rule 59(e) (“A motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment.”). Therefore, even if the motion were to be considered a Rule 59 motion, it would not toll the 42-day period for filing a notice of appeal. Miller Props., LLC v. Green, 958 So.2d 850, 852 (Ala.2006) (holding that a Rule 59(e) motion filed more than 30 days after entry of the final judgment “was untimely and of no effect”), Marsh v. Marsh, 852 So.2d 161, 163 (Ala.Civ.App.2002) (“Although a timely post-judgment motion will toll the 42-day time period for filing a notice of appeal, an untimely filed postjudgment motion will not do so.”).
Graves filed his notice of appeal on November 14, 2007, 90 days after the entry of the August 16, 2007, final judgment. “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. R.App. P. Graves’s appeal is untimely; therefore, this Court is without jurisdiction and must dismiss the appeal. See Buchanan v. Young, 534 So.2d 263, 264 (Ala.1988) (“The failure to file a notice of appeal within the time provided in Rule 4, [Ala. R.App. P.], is a jurisdictional defect and will result in a dismissal of the appeal.”).
APPEAL DISMISSED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.

. This case was originally assigned to another Justice. It was reassigned to Justice Shaw on February 6, 2009.

. There is a discrepancy in the record as to the date on which the hearing was conducted. Because the date of the hearing on the motion has no bearing on our decision in this matter, for purposes of this opinion, we have used the date indicated on the reporter's official transcript of the proceedings.

. Rule 56(d) states:
“(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.”

.Graves is a prison inmate proceeding pro se. The certificate of service attached to Graves's notice of appeal states that the notice of appeal was mailed to the circuit court clerk on October 31, 2007. However, the record does not indicate that Graves complied with the requirements of Rule 4(c), Ala. R.App. P., in order to establish that the notice of appeal was properly sent through institutional mail on October 31, 2007. In any *722 event, as shown below, even if the notice of appeal had been filed on October 31, 2007, the appeal is due to be dismissed as untimely.