On Application for Rehearing

PER CURIAM.
The opinion of August 21, 2009, is withdrawn, and the following is substituted therefor.
On November 30, 2005, R.J.G. filed a complaint in the Baldwin Juvenile Court (“the juvenile court”) alleging that he is the biological father of A.G. (“the child”) and seeking a judicial determination of his paternity of the child. In that complaint, R.J.G. sought to enforce his visitation rights and to have his child-support obligation determined pursuant to the Rule 32, Ala. R. Jud. Admin., child-support guidelines. The juvenile court designated R.J.G.’s 2005 action as case number “CS-2005-313.” The child’s mother, S.S.W. (“the mother”), answered and counterclaimed; in her pleading, the mother sought a determination of R.J.G.’s child-support obligation and the imposition of an income-withholding order.
On August 23, 2006, the juvenile court entered a judgment in case number CS-2005-313 in which it adjudicated R.J.G. to be the father of the child. In the August 23, 2006, judgment, the juvenile court ordered R.J.G. (hereinafter “the father”) to pay $617 per month in child support, to provide health and dental insurance for the child, and to pay one-half of any of the child’s medical expenses not covered by insurance. The juvenile court awarded the father visitation with the child and required him to attend counseling sessions with the child.
On May 12, 2008, the mother filed a petition for a rule nisi in case number CS-2005-313. The mother’s rule nisi action was designated as, and it is hereinafter referred to as, “case number CS-2005-313.01.” In her petition for a rule nisi, the mother alleged that the father had failed to pay child support, to provide medical insurance for the child, and to reimburse her for the child’s medical expenses not covered by insurance.
Also on May 12, 2008, the mother initiated a separate action in the juvenile court in which she sought a judgment terminating the father’s parental rights to the child. The termination-of-parental-rights action was assigned case number JU-2008-403.01, and it is referred to by that case number in this opinion.
The record demonstrates that the father received service of process in case number CS-2005-313.01 on May 19, 2008, and that he received service of process in case number JU-2G08 — 103.01 on May 27, 2008. On *750 July 22, 2008, the mother moved for a default judgment in case number CS-2005-313.01 and in case number JU-2008-403.01. The juvenile court ordered that both default-judgment motions be considered on the date of the hearing on the merits of the mother’s petitions. The juvenile court scheduled a joint hearing on the mother’s petitions in case number CS-2005-313.01 and case number JU-2008-403.01 for September 10, 2008.
On September 10, 2008, the juvenile court entered orders in case number CS-2005-313.01 and case number JU-2008-403.01 in which it noted that the mother had appeared at the September 10, 2008, hearing, but that the father had not, and that a judgment would follow. The record on appeal demonstrates that the mother offered ore tenus evidence at the September 10, 2008, hearing.
On September 19, 2008, the juvenile court entered a judgment in case number CS-2005-313.01 in which it found the father in contempt for his failure to pay certain amounts required by the August 23, 2006, judgment entered in case number CS-2005-313.[1] The juvenile court entered a judgment in favor of the mother requiring the father to pay certain amounts in arrearages.
On September 23, 2008, the father filed in case number CS-2005-313.01 a letter seeking a “continuance” of the matter; in that letter to the juvenile court, the father made certain representations regarding the reason he did not attend the scheduled September 10, 2008, hearing. Also on September 23, 2008, the father filed in case number CS-2005-313.01 a “motion to alter, amend, or vacate” the September 19, 2008, judgment. On September 25, 2008, the juvenile court entered an order in case number CS-2005-313.01 scheduling a hearing on the father’s postjudgment motion for October 17, 2008.
On September 29, 2008, the juvenile court entered a judgment in case number JU-2008-403.01 in which it terminated the father’s parental rights to the child.
On October 9, 2008, the father filed in case number CS-2005-313.01 a motion to continue the hearing scheduled for October 17, 2008. In that motion, the father alleged that the mother did not oppose the requested continuance. On October 10, 2008, the juvenile court granted the father’s motion to continue filed in case number CS-2005-313.01, and it rescheduled the hearing in that case for October 23, 2008.
Also on October 9, 2008, the father filed in case number CS-2005-313.01 a motion seeking to amend his earlier postjudgment motion filed in that case; the father also moved for a new trial or to alter, amend, or vacate the judgment in case number JU-2008-403.01. Each of the October 9, 2008, motions indicated that it had been filed with regard to both case number CS-2005-313.01 and case number JU-2008-403.01. We note, however, that the record contains no order indicating that the two actions had been consolidated by the juvenile court or, other than the juvenile court’s having conducted a joint hearing, anything indicating that the juvenile court had treated the actions as if they had been consolidated.
*751 On October 23, 2008, the juvenile court conducted an ore tenus hearing on the father’s postjudgment motions in case number CS-2005-313.01 and case number JU-2008-403.01. At that hearing, the juvenile court received ore tenus evidence from the father. Also on October 23, 2008, the juvenile court entered an order in case number CS-2005-313.01 in which it purported to deny the father’s September 23, 2008, postjudgment motion in that case. Also on October 23, 2008, the juvenile court entered a similar order on the State Judicial Information System in case number JU-2008-403.01 in which it denied the father’s October 9, 2008, postjudgment motion filed in that case.
On November 6, 2008, the father filed in case number JU-2008-403. 01 a notice of appeal to the Baldwin Circuit Court; that notice of appeal indicated that the father also intended to appeal in case number CS-2005-313.01.[2] The circuit court later granted, pursuant to Rule 28, Ala. R. Juv. P., the father’s motion to transfer the appeal of the judgments in case number CS-2005-313.01 and case number JU-2008-403.01 to this court.
As an initial matter, we conclude that the father’s appeal in case number CS-2005-313.01 was not timely filed. The timely filing of a notice of appeal is a jurisdictional act. Graves v. Golthy, 21 So.3d 720, 720 (Ala.2009) (an untimely appeal must be dismissed for want of jurisdiction). “[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motil.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
The juvenile court entered its judgment in case number CS-2005-313.01 on September 19, 2008. The father filed his post-judgment motion seeking to alter, amend, or vacate that judgment on September 23, 2008, within the 14 days allowed by the Rules of Juvenile Procedure. See Rule 1(B), Ala. R. Juv. P. (“All postjudgment motions ... must be filed within 14 days after entry of order or judgment and shall not remain pending for more than 14 days.”). A postjudgment motion filed in a juvenile action may not remain pending for more than 14 days. Rule 1(B), Ala. R. Juv. P. (“A postjudgment motion is deemed denied if not ruled on within 14 days of filing.”). Thus, the father’s September 23, 2008, motion filed in case number CS-2005-313.01 was deemed denied by operation of law on October 7, 2008. Rule 1(B); T.P. v. T.J.H., 10 So.3d 613, 614 (Ala.Civ.App.2008); and J.S. v. State Dep’t of Human Res., 597 So.2d 1376, 1377 (Ala.Civ.App.1992). Although the juvenile court purported to deny the father’s post-judgment motion in case number CS-2005-313.01 on October 23, 2008, it had lost jurisdiction over case number CS-2005-313.01 by that time. T.P. v. T.J.H., supra. The father had 14 days, or until October 21, 2008, to appeal the October 7, 2008, denial by operation of law of the postjudgment motion filed in case number CS-2005-313.01. Rule 4(a)(3), Ala. R.App. P. (appeals from judgments of a juvenile court must be filed within 14 days); J.S. v. State Dep’t of Human Res., supra. The father appealed on November 6, 2008, and, accordingly, that part of his appeal pertaining to case number CS-2005-313.01 is untimely and is due to be dismissed. Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be *752 dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
On application for rehearing, the father contends that this court erred in concluding that his appeal in case number CS-2005-313.01 was untimely. The father contends that the juvenile court had effected a consolidation of the two actions by conducting a joint hearing of the actions. The father argues that the claims asserted in case number CS-2005-313.01 constituted only a portion of what he characterizes as a consolidated action and, therefore, that the September 19, 2008, judgment in case number CS-2005-313.01 disposed of only some of the pending claims. The father maintains that the final judgment in the “consolidated” actions was entered on September 29, 2008, when the juvenile court entered a judgment in case number JU-2008-403.01. See Oliver v. Townsend, 534 So.2d 1038, 1046 (Ala.1988) (“Claims adjudicated in a previous non-final order become final, and therefore subject to appeal, at the time the last party or claim is disposed of.”). Therefore, according to the father, his appeal in case number CS-2005-313.01 should be deemed as timely taken from the September 29, 2008, final judgment in case number JU-2008^403.01.
However, well settled caselaw and Rule 42, Ala. R. Civ. P., demonstrate that the father’s argument on application for rehearing is erroneous. As noted earlier, the record contains no order indicating that the juvenile court consolidated case number CS-2005-313.01 and case number JU-2008-403.01. For the purpose of addressing the father’s argument on application for rehearing, however, we examine the issue as if the juvenile court had entered an order consolidating the two actions. Pursuant to Rule 42, Ala. R. Civ. P., a trial court may order actions involving common facts or issues to be consolidated. Rule 42(a) provides:
“When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.”
However, the Committee Comments on 1973 Adoption of Rule 42 clearly demonstrate that consolidation does not merge two actions into one action; rather, the two consolidated actions continue to maintain their separate identities. Those Comments specify:
“Rule 42(a) speaks both of joint hearings or trials and of consolidation. This wording is intended to confer a broad discretion to merge the two actions so far as is necessary for their most convenient determination, and to permit merger of some or all of the issues in the two cases. But where there is complete consolidation, the actions retain their separate identity and the parties and pleadings in one action do not automatically become parties and pleadings in the other action. Oikarinen v. Alexian Bros., 342 F.2d 155 (3d Cir. 1965). National Nut Co. of California v. Susu Nut Co., 61 F.Supp. 86 (N.D.Ill.1944); Simon v. Carroll, 241 Minn. 211, 62 N.W.2d 822 (1954).”
(Emphasis added.)
This court has summarized the caselaw precedent also providing that consolidated actions maintain their separate identities and that separate judgments must be entered in each action:
“ ‘[Wjhen two or more actions are consolidated under Rule 42, Ala. R. Civ. P., the actions do not lose their separate identities. League v. McDonald, *753 355 So.2d 695, 697 (Ala.1978). Moreover, “[a]n order of consolidation does not merge the actions into a single [action], change the rights or the parties, or make those who are parties to one [action] parties to another.” Jerome A. Hoffman, Alabama Civil Procedure § 5.71 (2d ed.2001) (citing Evers v. Link Enters., Inc., 386 So.2d 1177 (Ala.Civ.App.1980)). Finally, “ ⅛ consolidated actions ... the parties and pleadings in one action do not become parties and pleadings in the other.’ ” Ex parte Flexible Prods. Co., 915 So.2d 34, 50 (Ala.2005) (quoting Teague v. Motes, 57 Ala.App. 609, 613, 330 So.2d 434, 438 (Civ.1976)).’
“Solomon v. Liberty Nat’l Life Ins. Co., 953 So.2d 1211, 1222 (Ala.2006). When actions are ordered consolidated, ‘each action retains its separate identity and thus requires the entry of a separate judgment’ League v. McDonald, 355 So.2d 695, 697 (Ala.1978).”
H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009) (emphasis added).
Thus, even assuming that case number CS-2005-313.01 and case number JU-2008-413.01 were consolidated by the juvenile court, each action maintained its separate identity and a judgment disposing of the claims asserted was required to be entered in each action. The juvenile court entered a final judgment disposing of the claims asserted in case number CS-2005-313.01 on September 19, 2009. As explained earlier in this opinion, the father failed to timely appeal that judgment.
However, we conclude that the father’s appeal of the September 29, 2008, judgment in case number JU-2008^403.01 is timely. The father filed his postjudgment motion in that case on October 9, 2008, within the 14 days allowed by Rule 1(B), Ala. R. Juv. P. Fourteen days later, on October 23, 2008, the juvenile court denied that motion. The father filed his notice of appeal of that denial on November 6, 2008, within the 14 days allowed by Rule 4(a)(3), Ala. R.App. P., and, therefore, the appeal in case number JU-2008^403.01 is timely.
On appeal, the father argues that the record does not demonstrate that the juvenile court properly considered the factors relevant to a motion to set aside a default judgment. We note that the father styled his October 9, 2008, postjudgment motion as a motion for a new trial or to alter, amend, or vacate the judgment; in other words, he styled that motion as one filed pursuant to Rule 59, Ala. R. Civ. P. However, we conclude that the relief sought in the October 9, 2008, post-judgment motion was, in substance, the type of relief properly sought in a motion filed pursuant to Rule 55(c), Ala. R. Civ. P.; Rule 55(c) permits a trial court to exercise its discretion in determining whether to set aside a default judgment. See Cannon v. State Farm Mut. Auto. Ins. Co., 590 So.2d 191, 193 (Ala.1991) (the substance of a motion and not its style determines what kind of motion it is).
During the hearing on the father’s October 9, 2008, motion, the father presented evidence concerning why he had missed the scheduled September 10, 2008, hearing on the mother’s petition to terminate his parental rights. At the conclusion of the father’s evidence, the juvenile court stated that “having heard the testimony today, I am not going to grant [the requested] relief.” The juvenile court then entered an order summarily denying the father’s October 9, 2008, postjudgment motion in case number JU-2008-403.01.
The father contends that the record does not demonstrate that the juvenile court conducted the appropriate analysis for determining whether to set aside a *754 default judgment and, therefore, that, under the authority of Thibodeau v. Thibodeau, 10 So.3d 592 (Ala.Civ.App.2008), this cause should be remanded for the juvenile court to conduct that analysis.
In Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), our supreme court discussed the analysis a trial court must conduct in determining whether to set aside a default judgment. The court held that there is a presumption in favor of trying an action on the merits and that in determining whether to set aside a default judgment, the trial court must consider “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” Kirtland, 524 So.2d at 605.
In Thibodeau v. Thibodeau, supra, the trial court summarily denied a motion to set aside a default judgment after a hearing at which it heard arguments by the parties’ attorneys. The order denying the motion to set aside the default judgment did not indicate that the trial court had considered the Kirtland factors, and, therefore, this court reversed the judgment and remanded the cause for the trial court to consider those factors. Thibodeau v. Thibodeau, 10 So.3d at 595.
In this case, the juvenile court’s order denying the father’s motion to set aside the default judgment terminating his parental rights states only that, “following argument and testimony, the motion to set aside and set a new trial is denied.” Thus, as in Thibodeau v. Thibodeau, supra, this court is unable to determine whether the juvenile court considered the Kirtland factors in refusing to set aside the default judgment. Accordingly, we reverse the order denying the father’s motion to set aside the default judgment and remand the cause to the juvenile court to consider the Kirtland factors in determining whether the father demonstrated at the October 23, 2008, hearing that the September 29, 2008, default judgment in case number JU-2008^403.01 was due to be set aside. Thibodeau v. Thibodeau, supra; see also Campbell v. Campbell, 910 So.2d 1288 (Ala.Civ.App.2005) (reversing an order denying a motion to set aside a default judgment when the order did not indicate that the trial court had considered the Kirtland factors, and remanding the cause for a consideration of those factors). We note that this court’s opinion should not be interpreted as indicating that the juvenile court should rule in a particular manner.
APPLICATION OVERRULED; OPINION OF AUGUST 21, 2009, WITHDRAWN; OPINION SUBSTITUTED; APPEAL AS TO CASE NUMBER CS-2005-313.01 DISMISSED; JUDGMENT IN CASE NUMBER JU-2008-403.01 REVERSED AND THE CAUSE REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. In its September 19, 2008, judgment in case number CS-2005-313.01, the juvenile court determined that the mother was entitled to an award of an attorney fee, but it did not determine the amount of that fee. The failure to adjudicate the amount of the attorney fee did not affect the finality of the judgment in case number CS-2005-313.01. Watson v. Whittington Real Estate, LLC, 16 So.3d 802, 807 (Ala.Civ.App.2009); Edwards v. Edwards, 999 So.2d 939 (Ala.Civ.App.2008).

. Although no formal notice of appeal was filed in case number CS-2005-313.01, it is clear that the juvenile court, the circuit court, and this court understood that the father was attempting to appeal the judgment entered in that action. Accordingly, we treat the notice of appeal filed in case number JU-2008-403.01 (and also designating case number CS-2005-313.01) as also being effective as to case number CS-2005-313.01.