DONALDSON, Judge.
Jeshua David Gray (“the husband”) appeals from an order denying a motion filed pursuant to Rule 55(c), Ala. R. Civ. P., to set aside a default judgment entered by the Dale Circuit Court (“the trial court”) divorcing him from Brandy Ann Gray (“the wife”), granting sole legal and physical custody of the parties’ two children to the wife, ordering the husband to pay alimony and child support, and dividing the parties’ property. Because it is not clear whether the trial court applied the factors set forth in Kirtland v. Fort Morgan Authority Sewer Service, 524 So.2d 600 (Ala. 1988), we reverse the order and remand the case with instructions for the trial court to apply the Kirtland factors in considering the husband’s Rule 55(c) motion to set aside the default judgment.
On May 23, 2014, the wife filed a complaint for a divorce in the trial court in which she alleged a complete incompatibility of temperament. The wife sought custody of the two children, child support, and alimony, among other relief. The parties originally married in 1998 and divorced approximately a year and a half later. They were married for the second time on April 17, 2002, in Indiana. The parties had two children—C.G., born on August 23, 2002, and P.G., born on October 27, 2006.
On June 23, 2014, the husband filed a handwritten answer in which he objected to the wife’s request for alimony, requested joint custody of the children, and agreed to pay child support. On July 7, 2014, the husband filed a handwritten request for the return of certain items that the wife had removed from the marital home. On October 7, 2014, the trial court ordered the parties to mediate the case. The record does not indicate whether the parties ever attended mediation pursuant to that order. On October 10, 2014, the husband’s counsel filed a notice of appearance. On November 5, 2014, the trial court entered a pendente lite order regarding child support, ordering the husband to pay $971 per month in child support and $150 to be applied to a child-support arrearage. On May 1, 2015, the husband filed a motion to set the case for a final hearing. On May 5, 2015, the trial court appointed another mediator. On August 25, 2015, the wife filed a motion to set *595 the case for final hearing in which she asserted that mediation had been unsuccessful. On August 25, 2015, the trial court entered an order setting the final hearing for October 14, 2015. On September 24, 2015, the husband’s counsel filed a motion to withdraw, which was granted the same day.
On October 14, 2015, the trial court held the final hearing at which the wife testified. The husband failed to appear, and the wife orally moved for a default judgment. On October 15, 2015, the husband, through new counsel, filed a motion to reset the hearing held on October 14,2015, and stated that the husband had believed that the date of the hearing was actually October 21, 2015.
On October 15, 2015, the wife filed a motion for the entry of final judgment of divorce. On October 19, 2015, the trial court entered a final judgment of divorce. In the divorce judgment, the trial court, among other things, awarded sole legal and physical custody of the children to the wife, ordered the husband to pay child support and alimony, and divided the parties’ property. Also on October 19, 2015, the trial court denied the husband’s October 15 motion to reset the case for a final hearing.
On November 9, 2015, the husband filed a “motion to set aside order of default” pursuant to Rule 55(c), Ala. R. Civ. P. The trial court entered an order denying the husband’s motion on November 10, 2015. On December 21, 2015, the husband timely filed a notice of appeal.[1]
The sole issue the husband raises on appeal is whether the trial court erred in denying his Rule 55(c) motion to set aside the default judgment.
“Rule 55(c), Ala. R. Civ. P., provides, in pertinent part, that a trial court may ‘set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.’ The husband filed his motion to set aside two days after the trial court’s entry of the default judgment; thus, the husband’s motion to set aside was a timely filed Rule 55(c) motion.
“ ‘In Kirtland v. Fort Morgan Auth. Sewer Serv. Inc., 524 So.2d 600 (Ala.1988), this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant’s motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments—judicial economy and the defendant’s right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
“ ‘Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” Kirtland, 524 So.2d at 605.’
“Sampson v. Cansler, 726 So.2d 632, 633 (Ala.1998).”
*596 Thibodeau v. Thibodeau, 10 So.3d 592, 595 (Ala.Civ.App.2008). In Thibodeau, the trial court entered a default judgment against the husband in that case after the husband had failed to appear at the final hearing. Id. at 594. The husband moved to set aside the default judgment and asserted that his failure to appear at the hearing was a result of mistake, inadvertence, or excusable neglect. Id. at 595. The trial court denied the husband’s motion after a hearing. This court reversed the trial court’s order denying the husband’s motion to set aside and remanded the case for the trial court to consider the Kirtland factors in determining whether to set aside the default judgment. Id.
In this case, the husband failed to appear at the final hearing. The day after that hearing, the husband’s newly retained counsel filed a notice of appearance and a motion to reset the final hearing, alleging that the husband mistook the date of the October 14, 2015, hearing. On October 19, 2015, the trial court entered an order denying the husband’s motion to reset the case for a final hearing. The trial court also entered the judgment of divorce on October 19, 2015. On November 9, 2015, the husband filed his motion pursuant to Rule 55(c) to set aside the default judgment. The trial court denied the husband’s motion on November 10, 2015. It does not appear from the record that a hearing was held on the husband’s motion. The trial court’s order denying the husband’s motion does not state whether the trial court considered the Kirtland factors. “In White v. Westmoreland, 680 So.2d 848, 349 (Ala.Civ.App.1996), this court held that when the record does not demonstrate that the trial court considered each of the three Kirtland factors, the judgment must be reversed and the cause remanded for such a determination.” R.D.J. v. A.P.J., 142 So.3d 662, 667 (Ala.Civ.App.2013). Accordingly, we reverse the trial court’s order denying the husband’s Rule 55(c) motion and remand the cause with instructions to the trial court to consider the Kirtland factors in determining whether to set aside the default judgment. Id.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. See Rule 4(a)(3), Ala. R.App. P. (the time for filing a notice of appeal is computed from the date of an order denying a postjudgment motion filed pursuant to Rule 55, Ala. R. Civ. P.)